1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES ROCKERS,                              1:06-CV-01374-AWI-SMS-HC

12            Petitioner,

13   ON WRIT OF HABEAS CORPUS.              ORDER OF TRANSFER

14   _____/

15        Petitioner, a state prisoner proceeding with counsel, has filed a habeas corpus action pursuant

16   to 28 U.S.C. § 2254, in which he challenges a decision reached by the Governor of the State of

17   California regarding his suitability for parole.  Petitioner has paid the $5.00 filing fee for this action.

18        The federal venue statute requires that a civil action, other than one based on diversity

19   jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

20   reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

21   giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is

22   situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which

23   the action may otherwise be brought." 28 U.S.C.  §  1391(b).

24        In a habeas matter, venue is proper in either the district of conviction or the district of

25   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the proper

26   forum in which to review such a claim is the district of confinement.  See Dunn v. Henman, 875 F.2d

27   244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to challenge the

28                                              1

1   execution of a sentence is the district where the prisoner is confined.").

2          In this case, petitioner was sentenced in Orange County Superior Court, which is located within

3   the Central District of California.  He is currently incarcerated at the California Medical Facility at

4   Vacaville, in Solano County, which lies within the Sacramento Division of the Eastern District of

5   California. Because the instant petition is premised on events relating to Petitioner's parole proceedings,

6   the court construes it as a challenge to the execution of petitioner's sentence, as opposed to an attack on

7   the conviction itself.  Thus, this matter should be addressed in the forum where petitioner is confined.

8   Therefore, the petition should have been filed in the Sacramento Division of the United States District

9   Court for the Eastern District of California.

10          Pursuant to Local Rule 3-120(b), a civil action which has not been commenced in the proper

11   court may, on the court's own motion, be transferred to the proper court.  Therefore, this action will be

12   transferred to the Sacramento Division of the Eastern District of California.

13          Good cause appearing, IT IS HEREBY ORDERED that:

14          1.  This action is transferred to the United States District Court for the Eastern District of

15   California sitting in Sacramento; and

16          2.  All future filings shall refer to the new Sacramento case number assigned and shall be filed

17   at:

18                           United States District Court
                             Eastern District of California
19                           501 "I" Street, Suite 4-200
                             Sacramento, CA 95814
20

21   IT IS SO ORDERED.

22   **Dated:   October 18, 2006**              **/s/ Sandra M. Snyder**
     ah0l4d                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28                                     2